# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JONATHAN WATKINS,

    Petitioner,

vs.

JAMES COX, Warden, et al.,

    Respondents.

Case No. 2:04-CV-00849-KJD-(GWF)

**ORDER**

        Before the Court are Petitioner's Motion to Late File (#63), Motion to Hold Filing of Petitioner's Reply in Abeyance (#61), and Petitioner's Motion for Leave to Conduct Discovery (#62). The Court grants the motions.

        "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. . . ." Rule 6(a), Rules Governing Section 2254 Cases in the United States District Courts. "[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Harris v. Nelson, 394 U.S. 286, 300 (1969). "Habeas Corpus Rule 6 is meant to be 'consistent' with Harris." Bracy v. Gramley, 520 U.S. 899, 909 (1997).

        Petitioner has provided three proposed subpoenas for documents. Motion, Ex. A, B, and C (#62-2). He directs the first proposed subpoena to the custodian of records at the Reno Police Department. He asks for police reports, search warrant documents, evidence impound reports,

1  photographs, and witness statements and interview documents.  Petitioner directs the second
2  proposed subpoena to the custodian of records at the Washoe County Forensic Investigative
3  Services.  He asks for documents pertaining to the physical evidence gathered.  Petitioner directs the
4  third proposed subpoena to the custodian of records at the Washoe County Coroner's Office.  Again,
5  he asks for documents pertaining to the physical evidence gathered.

6       These documents are relevant to Ground 3 of the Amended Petition (#23), which
7  incorporates the original Petition (#4).[1]  In Ground 3, Petitioner claims that trial counsel was
8  ineffective for not investigating and providing expert testimony to contradict the state's expert
9  testimony that all lethal trauma involved the injury to the head of the victim, Jay Bowen; Petitioner
10 also claims in Ground 3 that counsel failed to investigate why Bowen's body was not preserved—it
11 was cremated several days after Bowen's death—when police knew that this was a homicide case.

12      After reviewing the record in this case, the Court concludes that the proposed
13 discovery is warranted.  Counsel for Petitioner has stated that she has been unable to obtain the trial
14 files from Petitioner's trial counsel, even after she traveled from Las Vegas to Reno in an effort to
15 personally meet with trial counsel.  If Petitioner believes that he can obtain the requested documents
16 more quickly from his former counsel, then the Court is open to considering discovery upon the
17 former counsel.

18      The Court notes that Petitioner wants to conduct this discovery before filing a Reply.
19 A reply brief is not the correct document in which to raise new grounds.  Cacoperdo v.
20 Demosthenes, 37 P.3d 504, 507 (9th Cir. 1994).  If Petitioner wants to present new operative facts
21 or new legal theories based upon the discovery, then he will need to file a motion for leave to amend

---

[1] Petitioner also argues that the documents are the only source of identifying information regarding the witness Duke Henderson.  Motion, p. 5 (#62).  Petitioner is unclear what he means by "identifying information."  Duke Henderson testified for the prosecution at the preliminary hearing, but he declined to testify at trial pursuant to the Fifth Amendment.  Answer, Ex. A, pp. 12-13 (#48-2, pp. 16-17) (page numbers in parentheses refer to the Court's computer image file).  Henderson's preliminary hearing testimony was read into the record at trial.  Answer, Ex. B, p. 145 (#48-8, p. 32).  Until now, nothing, including the Petition (#4) and the Amended Petition (#23), has indicated that Henderson's identity was in question.

-2-

the petition.  The motion should address whether the proposed amendment is futile because of issues such as, among others, exhaustion, relation back to the original filing, and timeliness.

IT IS THEREFORE ORDERED that Petitioner's Motion to Late File (#63) is **GRANTED**.

IT IS FURTHER ORDERED that Petitioner's Motion for Leave to Conduct Discovery (#62) is **GRANTED**.  Discovery shall be completed within sixty (60) days from the date on which this Order is entered.

IT IS FURTHER ORDERED that Motion to Hold Filing of Petitioner's Reply in Abeyance (#61) is **GRANTED**.  Petitioner shall have forty-five (45) days from the completion of discovery to file and serve a Reply to the Answer (#48) or other appropriate motion.

DATED:  August 22, 2007.

_____
KENT J. DAWSON
United States District Judge